IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON DALE MEADOR, | No. 2:16-cv-1982-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| DIRECTOR CDCR, et al., | |
| Defendants. | |
| _____ / | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's complaint (Doc. 1) and motions for an emergency injunction/temporary restraining order (Docs. 3, 5, 8, 9). He also has filed a motion to proceed in forma pauperis (Doc. 11).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover,

1

the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff states he is bringing this action against the Director of California Department of Corrections and Rehabilitations (CDCR), Warden, Jane Doe, and Custody Staff at California Health Care Facility (CHCF).  He alleges custody staff at several prisons have endangered his life by providing inmates with confidential information on plaintiff, ordering inmates to kill plaintiff, and providing weapons and poison in which to use to kill plaintiff.  He states this has happened at Salinas Valley State Prison (SVSP), Kern Valley State Prison (KVSP), and Lancaster (presumably California State Prison, LA).  Plaintiff then states he was transferred to CHCF to save his life.  However, staff at CHCF then began recruiting inmates to attack and kill plaintiff, arming them with shanks.  The inmates are waiting for plaintiff to exit his cell in order to stab him.  Plaintiff also states "This is not going to end by 602 appeals . . . ." He is not asking for money damages, but rather injunctive relief in the form of helping save his life.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects.  First and foremost to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between

the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, the only defendants named in the complaint are the Director of CDCR and the Warden at CHCF. However, there are no facts in the complaint that either of these individuals were involved in any of the allegations in the complaint.[1] Without any facts against the only two defendants, the complaint is insufficient and fails to state a claim. To the extent plaintiff alleges facts against any individuals, they relate to his treatment at prisons he was previously housed in, not his current place of incarceration. As he is only asking for injunctive relief, not damages, what happened to him at other locations does not appear to have a direct bearing in this action.

To the extent the Director and Warden are named due to their supervisory positions, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The

---

[1] Plaintiff does indicate some potential involvement of the Director in his motions for temporary restraining order, but fails to make any such allegations in the complaint, which is the controlling document providing this court with jurisdiction.

Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

Plaintiff's allegations relate to the treatment he is receiving, and the failure to provide for his safety. The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission

must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Here, it appears those who plaintiff alleges put his life in danger are not named as defendants to this action. To the extent the named defendants, Director and Warden, have failed to protect plaintiff, those allegations have not been made in the complaint. Allegations raised in plaintiff's different motions are insufficient as they are not the controlling pleading. The allegations must be made in the complaint to provide this court with jurisdiction over the defendants.

Based on the above, the undersigned finds the complaint insufficient to state a claim, and must be dismissed. However, plaintiff will be provided an opportunity to file an

amended complaint that complies with the above discussion.

### III.  TEMPORARY RESTRAINING ORDER

In addition to his complaint, plaintiff has filed several motions for emergency injunctions.  Plaintiff is requesting this court issue an order preventing his transfer to another prison and/or requiring his transfer to another unit at CHCF.  He claims several prison staff at several different prisons have issued orders for other inmates to kill him.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction;  (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

Here, plaintiff's request for a temporary restraining order fails at the outset as he fails to show that he is likely to succeed on the merits of this action.  As his complaint is being dismissed for failure to state a claim, there has been no showing that plaintiff is likely to succeed on the merits.  Indeed, without an operative complaint, this court lacks jurisdiction over the defendants and cannot issue orders requiring any specific action from them.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

The possibility of irreparable harm is no doubt present in this case, where plaintiff is concerned about being attacked by other inmates.  However, every possible attempted attack plaintiff cites, he has been protected by staff and the attempts have been thwarted.  The balance

of hardships does not tip in plaintiff's favor, as requiring the prisons to house plaintiff in a specific prison or on a specific unit is restrictive on the prison and the needs of other inmates. Finally, the public interest in such an injunction is not great.  While such an injunction may be beneficial to plaintiff, it may in fact prove to be a hardship on other inmates whose housing may be impacted.  Therefore, even if the court had jurisdiction to issue such an order at this time, the court questions whether plaintiff has made the requisite showing.

While the allegations plaintiff makes, including the attempted stabbing and poison, are troublesome, plaintiff fails to make any showing that he properly attempted to address his safety concerns with the appropriate prison officials.  While he has provided the court with several 602 inmate grievances and Form 22 request for interviews, from the responses he has provided, it appears he has not followed proper procedure or his concerns have been addressed.  If plaintiff knows who the inmates are who are targeting him, which it appears he does, he fails to indicate that he has made a request to have the inmates designated as enemies or that he be placed into protective custody.  The court is also mindful that plaintiff, who is an experienced filer, has received early court intervention in other cases where plaintiff's concerns were appropriately being addressed by the prison, unfounded, or resolved without court intervention. See e.g., Meador v. Unknown, 2:15-cv-2378-KJN.

The court lacks jurisdiction over any defendant at the present time to issue the injunction plaintiff is requesting.  In addition, it is not clear that plaintiff has met his burden. Accordingly, his motions for temporary restraining orders or emergency injunctions will be denied without prejudice.

**VI.  FEES**

Finally, plaintiff has recently submitted an application for proceeding in forma pauperis in a habeas action.  He failed to submit a proper application, provide a certified copy of his trust account statement or use the proper form which would authorize the court to obtain a copy of his trust account statement.  However, the court was able to obtain a copy of his trust

7

account statement from the prison. As he has suggested, he has sufficient funds to pay the filing fee, but payment of the filing fee has not been received by the court. Under 28 U.S.C. § 1915(a), the court may grant in forma pauperis status to parties who submit an affidavit showing that the party is unable to pre-pay the filing fee. In this case, the filing fee is $350.00 plus a $50.00 administrative fee. Plaintiff's prison trust account statement reflects that, as of February 1, 2016, he had $2,000.00 in available funds and that, as of September 26, 2016, he had $711.34 in available funds. Given these amounts, the court cannot find that plaintiff is unable to pre-pay the filing fee. Therefore, plaintiff's application for leave to proceed in forma pauperis sis denied and plaintiff should be required to pre-pay the filing fee before this action can proceed. Plaintiff is warned that failure to resolve the fee status of this case within the time provided may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

## VI. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

8

each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

   Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's complaint is dismissed with leave to amend;

   2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order;

   3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983;

   4. Plaintiff's motion to proceed in forma pauperis (Doc. 11) is denied;

   5. Plaintiff shall submit the full filing fee to the court within 30 days; and

   6. Plaintiff's motions for temporary restraining order (Docs. 3, 5, 8, 9) are denied without prejudice.

DATED:  September 28, 2016

                  _____
                  **CRAIG M. KELLISON**
                  UNITED STATES MAGISTRATE JUDGE